UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2010 JAN 13 P 2:43

| | |
|---|---|
| **RICKY POLK** | ) |
| | ) |
| Plaintiff, | ) CASE NUMBER: 2:10CV36-MEF |
| | ) |
| v. | ) |
| | ) Pending in the Circuit Court of |
| | ) Covington County Alabama |
| **LAW OFFICE OF CURTIS** | ) Case No: CV-2009-900114 |
| **O. BARNES PC,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW the defendant, Law Office of Curtis O. Barnes ("Barnes"), and hereby removes the above styled action from the Circuit Court of Covington County, Alabama pending as Civil Action Number: CV-2009-900114, to this United States District Court for the Middle District of Alabama, Northern Division by stating as follows:

1. The Plaintiff served Barnes with the Summons and Complaint on or about December 14, 2009.

2. The Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). The Complaint also alleges invasion of privacy by intrusion upon seclusion and by revelation of private financial facts to a third party as well as negligence and wanton hiring and supervision - each based upon State law claims.

3. The United States District Court for the Middle District of Alabama, Northern Division encompasses the geographic area of the Circuit Court of Covington County, Alabama.

4. Copies of all process and pleadings served upon Barnes in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5. Defendant Barnes gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Covington County, Alabama, by filing a Notice of Filing Notice of Removal, attached as Exhibit B, together with a copy of this Notice of Removal, in the Circuit Court of Covington County, Alabama, and by serving same on all parties as provided in 28 U.S.C § 1446(d).

## Jurisdiction Based Upon Federal Question

6. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. The Complaint explicitly alleges claims against Barnes pursuant to the FDCPA.

8. The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

9. Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

10. According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

11. Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

12. When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2nd Cir. 1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir. 1987) (*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law").

13. Because the Complaint explicitly alleges claims against Barnes pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

## Diversity Jurisdiction

14. In the even this Court should find federal question jurisdiction does not exist, this Court also has jurisdiction under 28 U.S.C. § 1332.

15. Based on the Complaint, the Plaintiff is a resident of Alabama of Alabama at the time the complaint was filed.

16. Based on the Complaint, Barnes is a company whose principal place of business is not the State of Alabama and, therefore, not a citizen of the State of Alabama for the purpose of determining diversity jurisdiction. Accordingly, complete diversity exists.

17. The Complaint seeks damages in excess of the jurisdictional limits of this Court; however, pursuant to 15 U.S.C. § 1692k(d) "[a]n action to enforce any liability created by this title [15 U.S.C. §§ 1692, *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." Thus, diversity jurisdiction is proper.

## Supplemental Jurisdiction

18. The Complaint also alleges invasion of privacy and negligence based upon State law claims.

19. To the extent these state law claims are not preempted by the FDCPA, this Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) which states "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."

20. All of the state law claims and allegations contained in the Complaint arise from Barnes's conduct alleged to be in violation of the FDCPA. Therefore, these claims arise from the same case or controversy.

## Removal is Timely

21. The Plaintiff filed his Complaint on December 9, 2009, which raised a federal question by alleging a violation of the FDCPA.

22. Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

23. This action became removable on December 14, 2009, when Barnes received a copy of the Summons and Complaint.

24. Therefore, this notice is being filed with this Court within thirty (30) days after Barnes received a copy of the initial Pleadings.

WHEREFORE, PREMISES CONSIDERED, Law Office of Curtis O. Barnes respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Covington County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

DATED this 13th day of January, 2010.

_____
Neal D. Moore, III          (MOO 073)
*Attorney for the Law Office of Curtis O. Barnes, PC.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

## CERTIFICATE OF SERVICE

    This is to certify that on this the 13th day of January 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

        __X___ mailing the same by first-class United States mail, properly addressed and postage pre-paid

        _____ hand delivery

        _____ via facsimile

        _____ E-File

Allen G. Woodard
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36420

_____
OF COUNSEL

{W0248630.1} 7