## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY POLK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10cv36-MEF |
| | ) | |
| LAW OFFICE OF CURTIS O. | ) | |
| BARNES, | ) | (WO- Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

### MEMORANDUM OPINION AND ORDER

This Fair Debt Collection Practices Act ("FDCPA") case is before the Court on the Motion to Dismiss (Doc. # 5) filed by Defendant Law Office of Curtis O. Barnes ("Defendant") on January 18, 2010.  Plaintiff Ricky Polk ("Polk") opposes this motion.  For the reasons set forth below, the motion is due to be GRANTED, but Polk will be allowed an opportunity to amend his allegations.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1692k(d), as well as, 28 U.S.C. §§ 1331 and 1367.  Additionally, Defendant has not argued that the Court does not have personal jurisdiction over it.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### FACTUAL AND PROCEDURAL BACKGROUND

In December of 2009, Polk filed suit against Defendant in the Circuit Court of

Covington County, Alabama.  In the Complaint, Polk alleges that agents of Defendant called him on his cell phone regarding a debt he owed to Best Buy.  Polk alleges that this call to his cell phone was not the first telephone called he had received from Defendant as Defendant attempted to collect on Polk's debt.  Polk also alleges that Defendant's agents called his place of employment in an effort to embarrass and intimidate him and that Defendant frequently employs a strategy of such telephone calls in an attempt to collect on debts.   Polk also alleges somewhat cryptically that

> [a]s defendant called the employer of plaintiff Ricky Polk, defendant knew the "rig number" of the rig plaintiff Ricky Polk worked on (plaintiff is an offshore oil rig worker).  This rig number is confidential and not generally known to the public.  Defendant's knowledge of plaintiff's "rig number," and their [sic] knowledge of plaintiff's cell phone number leads plaintiff to assert, upon information and believe, that Defendant Law Offices of Curtis O. Barnes utilizes consumer information in an illegal and improper manner.

Doc. 1-2 at ¶ 9.  After these meager factual allegations, Polk alleges in a very conclusory fashion that Defendant's conduct violated the FDCPA and that it constitutes the Alabama tort of invasion of privacy.  He further alleges that Defendant negligently or wantonly hired, retained, or supervised incompetent debt collectors who committed the wrongs against him.  Polk seeks statutory damages under the FDCPA, attorney's fees and costs, punitive damages, and compensatory damages.

On January 13, 2010, Defendant removed this action from the Circuit Court of Covington County, Alabama to this court by invoking its jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.  Shortly thereafter, Defendant filed the instant motion to dismiss

citing the vague and conclusory allegations of Polk's Complaint as improper under federal law.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).  Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949.  A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully."  *Id.*  While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quotation marks and citations omitted).  Absent the

3

necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

The Court is of the opinion that Polk's Complaint is largely comprised of conclusory allegations of violations of a lengthy and complex statute without supplying sufficient factual detail to satisfy the requirements of *Twombly* and *Iqbal*. The description of the conduct Defendant is alleged to have undertaken is vague and confusing. Is the "rig number" an identification number for Polk's work site or a telephone number for his work site on an off-shore drilling platform? The Court simply cannot tell which Polk intends to convey. Furthermore, it is not clear if Polk is alleging that Defendant contacted his employer at some point to learn the "rig number" or how Defendant learned the "rig number." It is also not clear what Polk intends to allege about how Defendant might have learned his cell phone number or whether Defendant had any reason to know that it was improper to contact Polk while he was at work. Also absent from the Complaint are allegations from which the Court could ascertain the number, frequency or pattern of calls from Defendant's agents or the content of the calls which he contends were intended to harass or intimidate him. Simply put,

his factual allegations are inadequate as a matter of law to support his contention that Defendant violated the FDCPA or committed the tort of invasion of privacy. Moreover, the Court cannot find sufficient factual support for the remaining negligent/wanton hiring/retention/supervision claim. For the foregoing reasons, the Court finds that Polk's Complaint (Doc. # 1-2) fails to comply with Federal Rule of Civil Procedure 8's requirement that it contain a short and plain statement of the *facts* and is largely comprised of legal conclusions which do not plausibly suggest liability on the part of Defendant.

Although the Court will grant Defendant's motion to dismiss for the reasons set forth in this Memorandum Opinion and Order, Polk will be given an opportunity to cure the present pleading inadequacies in the claims brought against Defendant, if he can do so bearing in mind the strictures of Rule 11 of the Federal Rules of Civil Procedure. If Polk continues to assert claims against Defendant in an Amended Complaint, he must rectify the deficiencies noted above and he must allege sufficient facts to state claims to relief that are plausible on their face. Defendant will, of course, be free to file another motion to dismiss in response to any Amended Complaint Polk files, should it choose to do so.

## CONCLUSION

Accordingly, Defendant's motion to dismiss is GRANTED. It is further ORDERED that Plaintiff shall have until May 27, 2010 to file an Amended Complaint which more specifically pleads the *factual* basis of the claims asserted against Defendant. Any Amended Complaint Polk files must be complete unto itself, must not incorporate by reference

allegations of the prior Complaint, must not include additional claims, and must strictly conform to this Memorandum Opinion and Order.

DONE this the 17th day of May, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE